PER CURIAM.
Appellant/defendant seeks review of the trial court’s corrective final judgment ordering specific performance of contract in favor of appellees/plaintiffs. We have reviewed the record, briefs, and heard the oral arguments of counsel. The written contract from which this controversy arose contained the following provision:
Mr. Weller will pay Mr. and Mrs. Ryan the said figure for their 55 shares of Venice Marine Center, Inc. 10% of the said sum is to be held in escrow for one year to indemnify Venice Marine Center, Inc. and Carl Weller for any claims which Venice Marine Center, Inc. or Carl E. Weller may have, arising out of matters not now known to Venice Marine Center, Inc. and Carl E. Weller by virtue of the said ownership of the said stock, or the operation of Venice Marine Center, Inc. by Thomas Ryan as an officer. The said sum is to be paid to Mr. and Mrs. Ryan at the end of the one year, and the specific claim provisions are to be spelled our [sic] more accurately at the time of the closing-
In fairness to the trial court, we note that it was not requested to rule on this paragraph of the contract. The ruling of the court directed appellant to specifically perform the contract by paying the stipulated purchase price of $98,500 plus interest in the amount of $13,790; and directed appel-lees, upon receipt of said payment, to transfer their interest in the 55 shares of stock owned by appellees in Venice Marine Center, Inc. to appellant.
In view of the findings of the trial court and consistent with the terms of the contract between the parties, we hold that the appellees should be required to comply with the above provision of the contract and deposit 10% of the purchase price in escrow. The one-year period contemplated in the contract will commence from the date of issuance of our mandate.
The cause is remanded with directions to the trial judge to include a provision in the final judgment consistent with this opinion.
As modified, the final judgment herein appealed is
AFFIRMED.
HOBSON, A. C. J., and BOARDMAN and GRIMES, JJ., concur.